IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

LORI ANN PETERSON-BROWN,

                       Plaintiff,

      v.　　　　　　　　　　　　　　　　　　　OPINION and ORDER

MARTIN O'MALLEY,　　　　　　　　　　　　　24-cv-38-amb
Commissioner of Social Security,

                    Defendant.

---

Plaintiff Lori Ann Peterson-Brown seeks judicial review of the Commissioner of Social Security's final decision, which found her disabled and eligible for supplemental benefits starting January 18, 2023. Plaintiff argues the decision is unsupported and that she should have been found eligible for benefits from an earlier date.

Plaintiff filed for supplemental security income on April 1, 2021, alleging that she suffered from eye impairments, degenerative disc disease of the cervical spine, migraines, left wrist muscle, ligament, and fascia disorders, and depression and anxiety. On January 18, 2023, an Administrative Law Judge (ALJ) deemed plaintiff disabled starting November 26, 2022. Following plaintiff's appeal of the decision, the Social Security Administration Appeals Council (AC) determined that disability date was too early and moved it to January 18, 2023. This decision became the final decision of the Commissioner. 20 C.F.R. §§ 404.955(b), 404.981, 422.210(a); *see* 42 U.S.C. § 405(h) (finality of the Commissioner's decision).

Plaintiff seeks remand, dkt. 16, arguing that the AC committed legal error by (1) failing to resolve alleged conflicts in the ALJ's findings and (2) failing to adequately evaluate newly-submitted evidence. For the reasons stated below, plaintiff's motion is denied.

JURISDICTION

Pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, the parties have consented to the undersigned United States Magistrate Judge conducting all further proceedings in this case, including issuance of a memorandum opinion and entry of judgment. Dkt. 5.

BACKGROUND

Plaintiff applied for supplemental social security income (SSI) in April 2021.  AR. 219–25.  Following the denial of her application, plaintiff appeared before an ALJ on November 30, 2022, who reviewed the evidence and heard testimony from plaintiff and a vocational expert (VE).  AR. 25.

The ALJ used the five-step sequential evaluation of disability outlined in 20 C.F.R. § 616.920 to evaluate plaintiff's claim.  AR. 26.  Between steps three and four, the ALJ determined plaintiff's residual functional capacity (RFC), which describes the outer limit of a person's working abilities and restrictions.  AR. 31; *see* 20 C.F.R. § 416.945(a)(1).  Specifically, the ALJ determined:

> [d]ue to left eye blindness, the claimant is limited to no near acuity, no far acuity, no depth perception, no accommodation, and no color or field of vision on the left. . . . The right eye is within normal limits. . . . She is able to perform simple, routine and repetitive tasks but not at a production pace (e.g., assembly line work). . . . The claimant must not interact with the public.

AR. 31.  At steps four and five, citing the VE's testimony, the ALJ found plaintiff had no past relevant work but could perform the job of housekeeping cleaner, garment sorter, and cafeteria attendant and that there were twenty-two thousand garment sorter jobs and fifty-thousand cafeteria attendant jobs existing in the national economy, respectively.  AR. 39–40.

The ALJ ultimately decided plaintiff had not been disabled when she had originally applied for supplemental benefits but had become disabled since that time.   AR 40.  Specifically, the ALJ determined that, because plaintiff could have performed work in April 2021, she was not disabled then.  *Id*.  But the ALJ noted that this determination was subject to change when plaintiff turned fifty-five on May 26, 2023.  *See* AR. 8 (explaining how the ALJ applied the age categories); *see also* AR. 39 (ALJ applying the age categories).  Acknowledging this, the ALJ applied the age categories non-mechanically and found plaintiff disabled six months earlier on November 26, 2022.  AR. 39–40.

Plaintiff petitioned for review, arguing the ALJ failed to resolve conflicts between the VE's testimony and the DOT's descriptions of the three jobs she was deemed capable of performing and applied an improperly heightened standard of review to plaintiff's alleged subjective symptoms.  AR. 338.   The AC granted review.  AR. 8.  In advance of the AC's decision, plaintiff submitted supplemental evidence consisting of additional medical and treatment records from various hospitals for retina tears and mental impairments.  *Id*.

The AC largely affirmed the ALJ's findings.  Specifically, the AC "agree[d] with the [ALJ's] findings for the period from . . . April 1, 2021, through January 17, 2023" that plaintiff "was able to perform other jobs in the national economy . . . includ[ing] housekeeping/cleaner, garment sorter, and cafeteria attendant."  AR. 8, 11 (citations omitted).  Regarding plaintiff's advance submissions, the AC ultimately concluded that "this new evidence was reviewed and will not change the [AC's] determination."  AR. 8–9.  Finally, the AC corrected plaintiff's disability date, determining that the ALJ misapplied the age categories.  The AC instead found that plaintiff became disabled on January 18, 2023—the date the ALJ issued their decision.  AR. 8, 10–11.

Plaintiff then filed this suit under 42 U.S.C. § 405(g) seeking remand.

LEGAL STANDARDS

The Social Security Act authorizes judicial review of the agency's final decision. 42 U.S.C. § 405(g). When the AC enters a decision in a case, that "constitutes the Commissioner's final decision for purposes of judicial review under 42 U.S.C. § 405(g)." *Schoenfeld v. Apfel*, 237 F.3d 788, 792 n.2 (7th Cir. 2001) (citing *White v. Sullivan*, 965 F.2d 133, 136 (7th Cir. 1992)). When the AC adopts an ALJ's opinion with modifications—as it did here—a court still "review[s] the decision of the ALJ as modified by the [AC]." *Arbogast v. Bowen*, 860 F.2d 1400, 1402–03 (7th Cir. 1988); *see Stocks v. Saul*, 844 F. App'x 888, 892 (7th Cir. 2021).[1]

On review, a court considers whether the Commissioner applied the correct legal standard and whether the decision is supported by substantial evidence. *See Summers v. Berryhill*, 864 F.3d 523, 526 (7th Cir. 2017); 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citations omitted). Even if "reasonable minds could differ" about the disability status of the claimant, the court must affirm the Commissioner's decision as long as it is adequately supported. *Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (quoting *Schmidt v. Astrue*, 496 F.3d 833, 842 (7th Cir. 2007)).

---

[1] On reply, plaintiff cites *Young v. Sec'y of Health & Hum. Servs.*, dkt. 24 at 10, 13, which states that the reviewing court should "review the factual findings of the [AC], not those of the ALJ," 957 F.2d 386, 388 (7th Cir. 1992), but in that case, the AC did not adopt the ALJ's findings and reasoning and instead "based its decision on different grounds," *id.* Plaintiff concedes that the AC adopted the ALJ's findings and reasoning in their entirety, dkt. 24 at 10, so we must review the ALJ's decision as modified by the AC. *Arbogast*, 860 F.2d at 1402–03.

ANALYSIS

Plaintiff seeks remand on two grounds.  First, she argues that the AC erred by adopting the ALJ's step-five determination that plaintiff could perform three jobs before her disability date[2] because the jobs conflict with the limitations in her RFC.  Second, she contends that the AC erred by failing to adequately consider the supplemental evidence she submitted.  The court addresses each argument in turn.

## A.  Step Five and Performing Jobs in the Economy

Plaintiff argues that the AC erred by adopting the ALJ's analysis at step five, which incorporates the VE's opinion that plaintiff could perform three jobs—cafeteria attendant, garment sorter, and housekeeper—before her disability date.  Dkt. 17 at 22.  Plaintiff contends that those jobs, which require visual near acuity, production rate work, or interaction with the public, conflict with her RFC.  *See id.* at 24, 28.  The Commissioner responds by pointing out that her RFC's visual restrictions applied only to her left eye, that the potential conflict between the requirements of housekeeper and her restrictions was not sufficiently apparent to the ALJ to warrant remand, and that, even if it was, there are more than enough cafeteria attendant and garment sorter jobs in the economy to find plaintiff not disabled before January 18, 2023. Dkt. 21 at 6, 9–10.

The court largely agrees with the Commissioner. The Dictionary of Occupational Titles'[3] (DOT) descriptions of cafeteria attendant and garment sorter and the VE's opinion do

---

[2] Plaintiff does not take issue with the AC's decision to move the disability date.  Rather, plaintiff focuses on whether the AC was correct in adopting the ALJ's reasoning that she could have performed certain jobs and thus was not disabled when she originally applied for benefits. The AC and ALJ were in agreement on this point, so the court reviews their decisions together. *Arbogast*, 860 F.2d at 1402–03.

[3] The Dictionary of Occupational Titles is the main source of occupational information used

not conflict with plaintiff's RFC.  Plaintiff's RFC specifies that, "[d]ue to left eye blindness, she is limited to no near acuity, no far acuity, no depth perception, no accommodation, and no color or field of vision on the left. . . . The right eye is within normal limits."  AR. 10.  So, the RFC's visual limitations apply only to plaintiff's left eye.  In contrast, the DOT lists visual acuity, accommodation, and color vision as requirements for cafeteria attendant and garment sorter generally.  DOT § 222.687-014, 1991 WL 672131; DOT § 311.677-010, 1991 WL 672694.  It does not require that *both* of a person's eyes be competent in those categories, just that the individual possess those abilities in general.  Because plaintiff's right eye functioned normally, there was no conflict between the visual limitations in the RFC and the VE's opinion that plaintiff could have worked as a garment sorter or cafeteria attendant.

The Seventh Circuit has rejected similar arguments that insist the court read the DOT's general requirements more restrictively than written.  *E.g.*, *Ketelboeter v. Astrue*, 550 F.3d 620, 625–26 (7th Cir. 2008); *see also Seamon v. Astrue*, 364 Fed. App'x 243, 249 (7th Cir. 2010).  In *Ketelboeter*, the court rejected the plaintiff's argument that there was a disconnect between the VE's testimony, which stated that the plaintiff could perform a job that, per the DOT, required "reaching," and his RFC, which precluded "overhead reaching."  *Ketelboeter*, 550 F.3d at 625.  The court concluded that the DOT "does not support [his] assertion."  *Id.* at 626.  Similarly, in *Seamon*, the court rejected a plaintiff's invitation to read a DOT description listing "reaching" as requiring, specifically, "overhead reaching."  *Seamon*, 364 Fed. App'x at 249.

---

by the Social Security Administration to determine whether a claimant can perform past or other work in the national economy.  Social Security Administration, Occupational Information System (OIS) Project, (last visited Oct. 7, 2024, 10:00AM), https://www.ssa.gov/disabilityresearch/occupational_info_systems.html.

This case fits this line of reasoning.  Like in *Ketelboeter* and *Seamon*, plaintiff invites the court to read the DOT's descriptions for cafeteria attendant and garment sorter as more restrictive than they are written, *i.e.*, that a person must possess visual acuity and accommodation in *both* eyes.   The DOT descriptions merely require visual acuity, accommodation, and color vision generally, and the VE determined that plaintiff met those requirements given her "normal[ly] limit[ed]" right eye.  AR. 75–76.  There is no inconsistency between the VE's testimony and the RFC.  Therefore, substantial evidence supports the ALJ's conclusion that plaintiff could work as a cafeteria attendant or garment sorter before her date of disability, and the AC was correct in adopting that decision.

For these reasons, the cases cited by plaintiff are inapt.  In *Dimmett v. Colvin*, 816 F.3d 486, 489 (7th Cir. 2016) there was a severe and obvious mismatch between the applicant's limitations and the cited job descriptions.  For the reasons discussed above, that is not the case here.  And in *Prochaska v. Barnhart* the DOT's requirements themselves were unclear.  Thus, the Seventh Circuit concluded that the record needed more development before it could determine whether there was an inconsistency.  But here, there is no such ambiguity—all parties agree that the jobs identified by the VE require some level of visual acuity.  Dkt. 17 at 17 & Dkt. 21 at 6.  Plaintiff says she did not possess that level of acuity when she applied for benefits, dkt. 17 at 34, but the record simply does not support her argument, AR. 31 (detailing plaintiff's RFC).  Because the record is clear as to both the DOT's requirements and plaintiff's abilities, there is no need to remand for further development, as was the case in *Prochaska*.

Moving on, the court agrees with plaintiff that substantial evidence does not support the conclusion that plaintiff could perform the job of housekeeper, but ultimately finds any error on this point harmless.  In particular, plaintiff's counsel asked the VE whether the

expectation that housekeepers clean a certain number of rooms each day means they "have a production pace[.]" AR. 80–81. The VE responded that all jobs have production requirements, but a housekeeper may be expected to clean "15 to 20 rooms" by the end of the day. *Id.* Plaintiff correctly points out that neither the ALJ nor the AC addressed the potential inconsistency between her RFC's prohibition on jobs involving production rates and the housekeeper job. Dkt. 17 at 28–30. Social Security Rule (SSR) 00-4p requires the Commissioner to identify and resolve discrepancies between the DOT data and VE testimony, *Overman v. Astrue*, 546 F.3d 456, 464 (7th Cir. 2008), and that did not happen for this particular job. Yet, even if the Commissioner determined on remand that the plaintiff could not be a housekeeper before her disability date, she could still have worked as a garment sorter or cafeteria attendant, so any error on this point is harmless.

The court will not remand a case for further explanation if the ALJ would come to the same conclusion. *Pepper v. Colvin*, 712 F.3d 351, 367 (7th Cir. 2013). Accordingly, the court will not remand this case for a new step-five analysis.

## B. Newly Submitted Evidence

Plaintiff argues that the AC improperly summarily dispensed with her supplemental evidence when it stated "[t]his new evidence was reviewed and will not change the [AC's] determination." Dkt. 17 at 31. In response, the Commissioner argues that the additional evidence was not "new" but cumulative because, although the specific documents were not in the original record, the information contained in the supplemental materials was. Dkt. 21 at 12. The court finds the AC's treatment of the supplemental record was less than exemplary, but ultimately agrees with the Commissioner's conclusions.

Under 20 C.F.R. § 404.970(b), additional evidence submitted to the AC will be evaluated only if it is "new and material" and "relates to the period on or before the date of the [ALJ] hearing decision." Evidence is considered "new" if it was "not in existence or available to the claimant at the time of the administrative proceeding," and it is considered "material" if there is a "reasonable probability that the Commissioner would have reached a different conclusion had the evidence been considered" in the first instance. *Stepp v. Colvin*, 795 F.3d 711, n.2 (7th Cir. 2015).

The district court's ability to review the AC's decision to evaluate supplemental evidence depends on the grounds upon which the AC based its decision. If the AC deemed the supplemental evidence new, material, and time-relevant but ultimately denied plenary review of the ALJ's decision based on its conclusion that the record—as supplemented—did not demonstrate that the ALJ's decision was "contrary to the weight of the evidence," the AC's decision not to engage in plenary review is "discretionary and unreviewable." *Id*. (citing *Perkins v. Charter*, 107 F.3d 1290, 1294 (7th Cir. 1997)). If, however, the AC determined plaintiff's supplemental evidence was not new, material, or time-relevant, and thus "non-qualifying under the regulation," the court retains jurisdiction to review that "limited question" *de novo* for legal error. *Id*. at 722–724.

Plaintiff insists that the AC must have rejected the supplemental evidence on the grounds that it was not material because the Social Security Administration Hearings, Appeals, and Litigation Law Manual (HALLEX) I-4-2-20 and I-3-5-20 indicates that, if the AC deems additional evidence material, it must "exhibit" it in its opinion—something the AC did not do here. Dkt. 17 at 32. Operating under that assumption, plaintiff challenges the AC's lack of explanation as to "why the new evidence did not provide a basis for changing the decision or

why the outcome would not have changed," concluding that the AC's opinion is therefore not supported by substantial evidence. *Id.* at 32–33.

In response, Commissioner argues that the evidence plaintiff cites in the supplemental record was not "new" because it detailed the exact same medical issues the ALJ considered. Dkt. 21 at 12. The Commissioner relies on *Jens v. Barnhart*, 347 F.3d 209, 214 (7th Cir. 2003), but that opinion analyzed the newness of evidence presented for the first time on appeal to the *district court* under U.S.C. § 405(g), not to the AC under 20 C.F.R. § 404.970(b). Additionally, the Commissioner argues that the supplemental record contains medical reports created after plaintiff's adjusted date of disability, concluding they were irrelevant to the AC's analysis. Dkt. 21 at 13–14. However, Commissioner does not tie this argument to the time-relevance requirement of § 404.970(b).

The boilerplate language the AC used to address the supplemental record is ambiguous. On the one hand, it could mean that the AC deemed the supplemental evidence new, material, and time-relevant but nonetheless concluded that the ALJ's decision was still consistent with the weight of the evidence, making its decision "discretionary and unreviewable." *Stepp*, 795 F.3d at 722. On the other hand, it could also mean the AC rejected plaintiff's supplemental evidence because it was somehow not new, material, or time-relevant, making that limited decision reviewable for legal error. Faced with this ambiguity, the court will give plaintiff the benefit of the doubt and undertake its own *de novo* review.

The court reviewed the entire supplemental record, dkt. 14, and concludes that the evidence contained therein is not new, material, or time-relevant under § 404.970(b). The supplemental record contains medical records from Mayo Clinic dated June 2022 through May 2023, dkt. 14 at 2, and from Marshfield Clinic dated April 2023 through June 2023, dkt. 14

at 201.  All evidence contained in the supplemental record is either duplicative of the evidence considered by the ALJ, detailing the exact same diagnoses plaintiff raised in her initial application, or post-dates her adjusted date of disability.

Plaintiff's arguments illustrate these shortcomings.  The only evidence plaintiff cites in the supplemental record are medical reports dated February 9, 2023, that show "posterior vitreous detachment, trace epiretinal membrane, and cataracts in both eyes" to support her argument that her "eye impairment and mental condition continued to deteriorate."  Dkt. 17 at 35–36.  However, as the Commissioner points out, evidence of these exact conditions already existed and was considered by the ALJ.  AR. 35 (citing AR. 2065–67, 2279–84).  Moreover, evidence that her condition *continued* to deteriorate weeks *after* her adjusted date of disability of January 18, 2023, does not "relate[] to the period on or before the date of the [ALJ] hearing decision," in a meaningful way, and so is not time-relevant under § 404.970(b).

In sum, neither this court's *de novo* review of the supplement record nor plaintiff's briefs revealed any additional evidence that met the requirements of § 404.970(b).  Thus, the AC's decision on the supplemental record was not legally erroneous, and the court affirms.


ORDER

IT IS ORDERED that the Commissioner's January 18, 2023, decision is AFFRIMED and plaintiff's motion for summary judgment, dkt. 16, is DENIED.

Entered this 4th day of November, 2024.

BY THE COURT:

/s/
_____

ANITA MARIE BOOR
Magistrate Judge

11